# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH D. FEATHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-330-D |
| | ) | |
| UNIVERSITY OF CENTRAL OKLAHOMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

This matter is now before the Court on Defendant University of Central Oklahoma's ("UCO") Motion to Dismiss [Doc. No. 22], to which Plaintiff Kenneth D. Feather, appearing pro se and *in forma pauperis*, has filed his response in opposition [Doc. No. 23]. The matter is fully briefed and at issue.

## BACKGROUND

Feather, a former employee at UCO, filed suit against the school in Oklahoma County District Court where he alleged he was discriminated against due to a physical impairment. The state court granted UCO summary judgment on each of Feather's claims, and its decision was affirmed by the Oklahoma Supreme Court. Asserting claims of federal discrimination, abuse of process, negligence, fraud, and intentional infliction of emotional distress, Feather now challenges the state court's ruling in this Court and claims UCO engaged in misconduct in its pursuit and subsequent award

of summary judgment. He construes the issues of his Complaint as follows:

> Does the State Court's failure to provide standards, specifically those which [have] been imposed upon pursuant to the Americans [W]ith Disabilities Act (ADA) when addressing discrimination against individuals with disabilities, deny one's Constitutional Right to due process of law?
>
> Is it lawful for State Court's [sic] to deny, or otherwise avoid its federal duty pursuant to the ADA, addressing and enforcing the federal right it imposes, thereby denying equal protection under the law, through performance of an untimely and unwarranted arbitrary method of pre-dismissal?

Compl. at 1. The Complaint goes on to state that "State Courts are obligated (have a duty) to enforce federal law, and may not deny a federal right, when the parties and controversy are properly before it, in the absence of a valid excuse. . . . In the case at bar, the trial court did not act consistently with federal law, and in prematurely sustaining Defendant's improper Motion for Summary Judgment with Brief in support, which was based on fraud and misrepresentation of material facts to the court, is without valid excuse." *Id*. at 2 (internal quotation marks omitted). Feather's prayer for relief asks this Court to:

> enter[] judgment on his claim, remanding the proceedings to the Oklahoma Court of Appeals, with instructions that the Court of Appeals shall remand the case to the district court for a new trial for such issues as the Court of Appeals may direct.

*Id*. at 5.

UCO seeks dismissal of the Complaint and contends (1) Feather's Complaint is barred by the *Rooker-Feldman* Doctrine because he seeks review of a state court decision, (2) the Complaint fails to state a claim upon which relief can be granted, (3) UCO is entitled to Eleventh Amendment immunity, (4) UCO is not a "person" under 42 U.S.C. § 1983, and (5) Feather has failed to comply with the Oklahoma Governmental Tort Claims Act. *See* Def. Motion to Dismiss at 1.

## STANDARD OF DECISION

Because Feather appears pro se, the Court liberally construes his Complaint, but will not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Feather's pro se status does not excuse his obligation to comply with the requirements of the Federal Rules of Civil Procedure, namely, Rule 8(a), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that

3

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted); *Khalik*, 671 F.3d at 1190 ("A plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss.") (quoting *Twombly*). Bare legal conclusions in a complaint, however, are not assumed to be true. *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d 1276, 1286 (N.D. Okla. 2010). Legal conclusions must be supported by factual allegations to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

# DISCUSSION

**I.     WHETHER FEATHER'S COMPLAINT SEEKS APPELLATE REVIEW OF A STATE COURT JUDGMENT AND IS THUS BARRED BY THE *Rooker-Feldman* DOCTRINE**

The *Rooker-Feldman* doctrine, which obtained its name from two previous Supreme Court decisions,[1] "bars the lower federal courts from engaging in appellate review of state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1279-80 (10th Cir. 2012). Such authority is reserved for the Supreme Court. *Id*. at 1281. The Supreme Court has made clear that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *ExxonMobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005); *Bolden v. City of Topeka*, 441 F.3d 1129, 1142-43 (10th Cir. 2006).

Stated another way, "the *Rooker-Feldman* doctrine prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Tal v. Hogan*, 453 F.3d

---

[1] *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1244, 1256 (10th Cir. 2006) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Thus, for the doctrine to prohibit review, "an element of the claim must be that the state court wrongfully entered its judgment." *Campbell*, 682 F.3d at 1283. "When the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Bolden*, 441 F.3d at 1139.

The Tenth Circuit's decision in *Bolden* applies to the *Rooker–Feldman* issue in this case. In *Bolden*, the circuit court gave a hypothetical scenario as to exactly what type of claims would be barred under the doctrine. It stated:

> [S]ay a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker–Feldman*; the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings. If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, *Rooker-Feldman* cannot be invoked; his federal claim would have been the same even in the absence of the state-court judgment.

*Bolden*, 441 F.3d at 1145. Feather's suit is more akin to the former scenario discussed in *Bolden*. Feather, likewise, seeks to invalidate the state-court judgment on the grounds the proceedings deprived him of due process and the judgment was contrary

6

to federal law. Feather attacks the state court's exercise of discretion in receiving evidence on summary judgment, as well as the summary judgment process itself. Compl. at 2-5. Of particular note is his request that the Court remand his action to the state court for a new trial. *Id*. at 5. His suit, essentially, usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside or overturn the state-court judgment based on a review of the prior proceedings. As a consequence, Feather's request that this Court "undo the state-court judgment," *Bolden*, 441 F.3d at 1143-44, is precluded by *Rooker-Feldman*.

Having found Feather's Complaint is barred by the *Rooker-Feldman* doctrine, the Court declines to address the remainder of UCO's contentions.

## CONCLUSION

Defendant's Motion to Dismiss [Doc. No. 22] is hereby **GRANTED**. A judgment shall issue accordingly.

**IT IS SO ORDERED** this 13th day of January, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE